IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ALEXANDER BURGESS
and SYLVIA SANTOS CRUZ, et ux.,

    Plaintiffs,

v.

NATIONWIDE PROPERTY &
CASUALTY INSURANCE
COMPANY and DWAYNE NELSON,

    Defendants.

ELECTRONICALLY
FILED
May 31 2023
U.S. DISTRICT COURT
Northern District of WV

3:23-CV-142 (Groh)
Civil Action No. _____
(Removed from Circuit Court of Berkeley County
Civil Action No. 23-C-147)

# Notice of Removal

Defendants, Nationwide Property & Casualty Insurance Company ("Nationwide") and Dwayne Nelson ("Nelson," and together with Nationwide, "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of their removal of a cause of action commenced in the Circuit Court of Berkeley County, West Virginia styled *John Alexander Burgess and Sylvia Santos Cruz, et ux., Plaintiffs, v. Nationwide Property & Casualty Insurance Company and Dwayne Nelson, Defendants*, Civil Action No. 23-C-147 (the "State Court Action"), to the United States District Court for the Northern District of West Virginia. In support of their Notice of Removal, Defendants state as follows:

## Statement of Allegations / Procedural History

1.    On April 27, 2023, Plaintiffs, John Alexander Burgess and Sylvia Santos Cruz ("Plaintiffs"), filed their Complaint in the State Court Action with the Circuit Court of Berkeley County against Defendants. [See, Complete Copy of State Court Action, attached hereto as Ex. 1]; [Docket Sheet, attached hereto as Ex. 2.]

2. In the State Court Action, Plaintiffs allege,[1] among other things, that:

   a. On December 31, 2020, a fire originated in the basement of Plaintiffs' home ("Fire") located at 10745 Back Creek Road, Hedgesville, West Virginia ("Home").

   b. Plaintiffs had a homeowners insurance policy through Nationwide in effect on the date of the Fire, Policy No. 92 47 HR 035185 ("Policy").

   c. Plaintiffs made a claim under the Policy for damages to the dwelling as a result of the Fire.

   d. Plaintiffs expressed concerns about the presence of dioxin[2] in the Home as a result of the Fire and requested environmental testing.

   e. Nationwide engaged Linda McKoy from Ecosystems Environmental to conduct an inspection, which occurred on or about March 23, 2021.

   f. Plaintiffs expressed concerns that Ms. McKoy was not a certified industrial hygienist.

   g. On November 2, 2021, Nationwide informed Plaintiffs that it engaged an additional inspector, Lisa Bolin from High Environmental Health to perform a second evaluation of Plaintiffs' concerns for dioxin in the Home.

   h. Nationwide limited the scope of Ms. Bolin's evaluation of the Home to the ground floor areas, excluding the basement where the Fire originated "in an effort to avoid paying for dioxin remediation."

   i. Plaintiffs requested mold remediation to the Home, including "that sampling be conducted in both the lower and upper areas of the home immediately to determine if contamination occurred elsewhere" by letter dated September 26, 2022.

   j. Following Plaintiffs' additional requests for inspections, Nationwide informed Plaintiffs on October 5, 2022 that it would not inspect the Home further.

   k. Nationwide failed to perform a full evaluation of the Home for the presence of mold and dioxin.

---

[1] Plaintiffs' allegations are not admitted, but are set forth solely to demonstrate that jurisdiction exists in this Court and that removal of this action is proper. Defendants deny all wrongdoing in this matter.

[2] Among other allegations, Plaintiffs allege that dioxin "is considered second only to radioactive waste as the most toxic chemical known to man" and that dioxins are formed "when burning products containing carbon and chlorine." [Ex. 1, Compl. at ¶¶ 21, 23.]

    l.  Nationwide failed "to provide the insurance coverage that it contracted for with" the Plaintiffs.

[Ex. 1, Compl. at ¶¶ 7-9, 16-19, 24, 28-41, 47-51, 58-61.]

  3.  Based on these allegations, Plaintiffs alleged claims for: (1) breach of contract; (2) violations of the West Virginia Unfair Trade Practices Act and common law bad faith; (3) tort of outrage; (4) misrepresentation; and (5) constructive fraud.  [Ex. 1, Compl. at ¶¶ 54-95.]

  4.  Based on these causes of action, Plaintiffs requested that the Circuit Court enter a judgment against Defendants for compensatory damages, "including, attorney's fees and costs, annoyance and inconvenience, [and] interest," and "punitive damages."  [Ex. 1, Compl. at ¶¶ 96-100 & Prayer for Relief.]

  5.  28 U.S.C. § 1446(b) requires Defendants to remove this civil action within thirty (30) days of service of a pleading, motion, order, or other paper from which it may be ascertained that the case is removable.  *See* 28 U.S.C. § 1446(b).  *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

  6.  Plaintiffs' summons and Complaint were served via the West Virginia Secretary of State, with service effected on Nationwide as of May 1, 2023 and on Nelson as of May 3, 2023.  [*See* Ex. 1, Returns of Service.]  Defendants timely filed this Notice of Removal within thirty (30) days of the earliest date of service of Plaintiffs' summons and Complaint.  Defendants therefore timely removed this case pursuant to 28 U.S.C. § 1446.  *See* 28 U.S.C. § 1446(b).

  7.  Both Defendants in this action consent to removal to this Court.

## Diversity Jurisdiction

  8.  28 U.S.C. § 1441 allows Defendants to remove a civil action from state court to federal court if: (i) the amount in controversy meets or exceeds Seventy-Five Thousand Dollars

($75,000.00) and (ii) the civil action involves a controversy between citizens of different states. 28 U.S.C. § 1441.  *See also* 28 U.S.C. § 1332.

## Citizenship

9.      To remove the State Court Action pursuant to this Court's diversity jurisdiction, there must be complete diversity of citizenship between Plaintiffs and Defendants.  28 U.S.C. §§ 1332(a)(1); 1441.

10.     Plaintiffs allege that they are residents of Berkeley County, West Virginia.  [Ex. 1, Compl. at ¶¶ 1-2.]

11.     Plaintiffs allege that Nationwide is a foreign corporation with a principal office address of One West Nationwide Boulevard, Columbus, Ohio.  [Ex. 1, Compl., ¶ 3.]  Nationwide is an Ohio corporation, with its principal place of business located at One Nationwide Boulevard, Columbus, Ohio.  [*See* West Virginia Secretary of State, Business Entity Details for Nationwide, attached hereto as Ex. 3.]

12.     Plaintiffs allege that Nelson is a resident of Maryland.  [Ex. 1, Compl. at ¶¶ 4-5.]

13.     Complete diversity therefore exists between Plaintiffs and Defendants under 28 U.S.C. §§ 1332(a)(1) and 1441.

## Amount in Controversy

14.     In addition to establishing complete diversity, Defendants must also demonstrate that the "the sum demanded in good faith in the initial pleading" meets or exceeds the jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00).  28 U.S.C. § 1446(c)(2); *see Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

15.     Plaintiffs' Complaint alleges claims against Nationwide for: (1) breach of contract; (2) violations of the West Virginia Unfair Trade Practices Act; (3) tort of outrage; (4)

misrepresentation; and (5) constructive fraud. The Complaint fails to specify the specific amount sought other than demanding relief "in an amount in excess of the jurisdictional threshold of th[e State Court] and in an amount sufficient to fully compensate the plaintiffs for their injuries and damages and punish and/or deter the defendant for its conduct." [Ex. 1, Compl. at Prayer for Relief.]

16. On their claim for breach of contract, there is ample evidence that Plaintiffs claim damages that meets or exceeds the jurisdictional threshold. Importantly, **the limits of the Policy for coverage of the dwelling is $243,300.00**, which exceeds the jurisdictional threshold for removal. [Policy Declarations, attached hereto as Ex. 4.]

17. Prior to filing the State Court Action, Plaintiffs claimed that essentially the entire structure of the Home and various contents need to be replaced due to contamination of dioxin and specifically stated that they are claiming a total loss to the Home under the Policy:

    a. In its report dated February 22, 2021, at the request of Plaintiffs, the company Inlogix, sampled soot taken from the Home and allegedly confirmed the presence of dioxins in the samples ("Inlogix Report"). [Inlogix Report, attached hereto as Ex. 5.]

    b. In response to the Inlogix Report and Plaintiffs' requests for environmental testing, Nationwide engaged Ecosystems Environmental Services, Inc. ("EES"), to assess the Home and develop remediation protocols. In its report dated April 1, 2021, EES noted that the building materials of the Home "may contain asbestos" due to the age of the structure. [EES Report, attached hereto as Ex. 6.] The EES Report recommended, among other things, that 1'x1' areas of drywall be removed on the first floor "to determine if smoke traveled within the wall system. If soot is identified the drywall will require removal." Additionally, the EES Report recommended that the ventilation system, all air vent ducts, and attic insulation be removed from the Home.

    c. **On April 7, 2021, Plaintiff Sylvia Cruz ("Plaintiff Cruz") emailed Nationwide her belief that the structure "constitute a total loss within the statutory meaning thereof."** [April 7, 2021 Email, attached hereto as Ex. 7.]

    d.    On June 21, 2021, Plaintiff Cruz emailed Nationwide that the repair of the Home will require "**removal of all surfaces** exposed to smoke particles to which dioxin was absorbed" including "**all the walls, ceiling, insulation, duct work, tile flooring, counter tops, and cabinetry within the building**." "Another reason for removal of all surfaces [], is the fact that if [Plaintiff Cruz] should sell the home, [she] will have to disclose that the home has PCDDs/PCDFs (Dioxin) contamination." [June 21, 2021 Email, attached hereto as Ex. 8.]

    e.    Further, Plaintiff Cruz stated that "**the remnants of [the H]ome cannot be used as a basis of repair or restoration because of the health risks associated with the PCDDs/PCDFs contained within the home**." [Ex. 8, June 21, 2021 Email.]

18. If Plaintiffs prove that the Home is a total loss as alleged by Plaintiff Cruz, Plaintiffs can recover $243,300.00 as the Policy's insurance limits for the Dwelling. This amount by itself exceeds the jurisdictional threshold.

19. Additionally, if Plaintiffs "substantially prevail" against Nationwide on their insurance claim, Plaintiffs may recover extracontractual damages for: (1) net economic loss; (2) reasonable attorneys' fees; and (3) annoyance, aggravation and inconvenience. *See Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986); *see also Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18-cv-154, 2019 WL 3304814, at *6-7 (N.D. W. Va. July 23, 2019).

20. "Presumptively reasonable attorneys' fees . . . are one-third of the face amount of the policy, unless the policy is either extremely small or enormously large." *See Hayseeds, Inc.*, 352 S.E.2d at 80.

21. One-third of the face value of the Dwelling limits under the Policy is $81,100.00, an amount which also exceeds the jurisdictional threshold.

22. Finally, "[i]t is well-established that courts may consider[] a plaintiff's good faith claim for punitive damages in [their] calculation of the amount in controversy." *Jersey Subs, Inc. v. Sodexo Am., LLC*, No. 1:18CV191, 2019 WL 208882, at *3 (N.D. W. Va. Jan. 15, 2019) (J., Kleeh) (internal quotations omitted) (parentheses in original). "[A] good faith claim for punitive

6

damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Id.* (internal quotations omitted); *see also Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000) (noting, in considering whether plaintiff's complaint alleged sufficient amount in controversy, "[t]his Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery.").

23.     West Virginia Code § 55-7-29(c) allows a plaintiff to recover "the greater of four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29(c) (2015); *see also Jersey Subs, Inc., LLC,* 2019 WL 208882, at 3 ("Considering the ***minimum*** cap on claims for punitive damages is $500,000.00 and Plaintiffs' demand for reputational harm of $20,000.00 . . . the amount in controversy is satisfied.") (emphasis in original).

24.     All of the damages pled by Plaintiffs, in their aggregate, clearly exceed the $75,000.00 jurisdictional threshold of 28 U.S.C. §§ 1332, 1441.

## Compliance with 28 U.S.C. § 1446

25.     Defendants will provide written notice of the filing of this Notice of Removal to Plaintiffs promptly after filing the same, as required by 28 U.S.C. § 1446.

26.     Defendants will file a true and correct copy of this Notice of Removal with the Circuit Court of Berkeley County, West Virginia, as required by 28 U.S.C. § 1446.

27.     This Notice of Removal is signed pursuant to 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure.

28. For the reasons stated above, Defendants have removed this action from the Circuit Court of Berkeley County, West Virginia, to the United States District Court for the Northern District of West Virginia, as provided by law.

Dated this 31st day of May 2023.

                                        NATIONWIDE PROPERTY &
                                        CASUALTY INSURANCE COMPANY
                                        and DWAYNE NELSON

                                        By Counsel

/s/ J. Tyler Mayhew
Patrick C. Timony (WVSB #11717)
Joshua A. Lanham (WVSB #13218)
Bowles Rice LLP
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1752
ptimony@bowlesrice.com

J. Tyler Mayhew (WVSB #11469)
Liana L. Stinson (WVSB #13968)
Bowles Rice LLP
Post Office Drawer 1419
Martinsburg, West Virginia 25402-1419
(304) 263-0836
tmayhew@bowlesrice.com

*Counsel for Nationwide Property & Casualty Insurance Company and Dwayne Nelson*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN ALEXANDER BURGESS
and SYLVIA SANTOS CRUZ, et ux.,

    Plaintiffs,

v.      Civil Action No. 3:23-CV-142 (Groh)
(Removed from Circuit Court of Berkeley County
Civil Action No. 23-C-147)

NATIONWIDE PROPERTY &
CASUALTY INSURANCE
COMPANY and DWAYNE NELSON,

    Defendants.

# Certificate of Service

I certify that I served this *Notice of Removal* upon the below-named individuals on the date indicated via CM/ECF and U.S. mail:

| George N. Sidiropolis, Esq.<br>Flanigan Legal, PLLC<br>1140 Main Street, 4th Floor<br>Wheeling, West Virginia 26003<br><br>*Counsel for Plaintiffs* | Jordan M. Laird, Esq.<br>Laird Law, PLLC<br>2 22nd Street, Suite 202<br>Wheeling, West Virginia 26003<br><br>*Counsel for Plaintiffs* |
|---|---|

Date: May 31, 2023      /s/ J. Tyler Mayhew
    J. Tyler Mayhew (WVSB #11717)