IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **JOHN ALEXANDER BURGESS** and **SYLVIA SANTOS CRUZ, et ux.,**<br><br>Plaintiffs,<br><br>v.<br><br>**NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY and DWAYNE NELSON,**<br><br>Defendants. | **CIVIL ACTION NO.: 3:23-CV-142 (GROH)** |

## ORDER GRANTING IN PART AND DENYING IN PART NATIONWIDE'S MOTION [ECF NO. 53] TO COMPEL DISCOVERY

### I.    INTRODUCTION

On March 20, 2024, came the Plaintiffs, John Alexander Burgess and Sylvia Santos Cruz, et ux., by counsel George N. Sidiropolis, Esq., and Jordan Laird, Esq., and came Defendant, Nationwide Property and Casualty Insurance Company by counsel, Tyler Mayhew, Esq., and Liana Stinson, Esq., for an evidentiary hearing on Defendant's Motion [ECF No. 53] to Compel Discovery.

On October 26, 2024, Nationwide served its First Set of Discovery Requests on the Plaintiffs. ECF No. 30. Plaintiffs provided its initial Answers and Responses on December 21, 2023. ECF No. 41. Plaintiffs provided its First and Second Supplemental Responses on January 23, 2024, and February 2, 2024, respectively. ECF Nos. 47, 49. Nationwide filed its Motion to Compel on February 22, 2024. ECF No. 53.[1] The Plaintiffs

---

[1] On February 26, 2024, Judge Groh entered an Order [ECF No. 55] of Referral on Plaintiff's Motions to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule of Civil Procedure 7.02(c).

filed their Response [ECF No. 58] to the Motion to Compel on March 7, 2024. Nationwide filed a Reply [ECF No. 59] on March 14, 2024.

## II.     LEGAL STANDARDS

When a party fails to make requested disclosures or discovery, the requesting party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). The party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Ceresini v. Gonzales, No. 3:21-CV-40, 2022 WL 628520 (N.D.W. Va. Mar. 3, 2022). "Thus, once the moving party has made 'a prima facie showing of discoverability,' the resisting party has the burden of showing either: (1) that the discovery sought is not relevant within the meaning of Rule 26(b)(1); or (2) that the discovery sought 'is of such marginal relevance that the potential harm ... would outweigh the ordinary presumption of broad discovery.'" PNGI Charles Town Gaming, LLC v. Hot Spot Ct Real Est., LLC, No. 3:18CV38, 2019 WL 8333525 (N.D.W. Va. Jan. 18, 2019) (quoting Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 (W.D. Va. 2016)).

"[T]he discovery rules are given a broad and liberal treatment." Shulin v. Werner Enterprises, Inc., No. 1:15CV87, 2016 WL 11500223 (N.D.W. Va. Feb. 25, 2016) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992)). Moreover, "[d]istrict courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." Bellon v. PPG Emp. Life, No. 5:18-CV-114, 2023 WL 4155420 (N.D.W. Va. Feb. 6, 2023). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar." Va. Dep't of Corrs. v.

Jordan, 921 F.3d 180, 188 (4th Cir. 2019). Federal courts have long understood that "[r]elevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000). As such, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Information sought is relevant if it "bears on, [or] reasonably could lead to any other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). But discovery, "like all matters of procedure, has ultimate and necessary boundaries." Susko v. City of Weirton, No. 5:09-CV-1, 2011 WL 98557 (N.D.W. Va. Jan. 12, 2011). Courts must limit the frequency or extent of proposed discovery if it is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a "high bar," its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information. Jordan, 921 F.3d at 188–89. These factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### III.     DISCUSSION AND RULING

Nationwide filed its Motion on February 22, 2024, seeking to compel Plaintiffs to respond to Interrogatory 8, and Requests for Production 4, 7, and 26 and to provide the documents that Plaintiffs claim are privileged. ECF No. 53. Plaintiffs responded that

Nationwide did not comply with the meet and confer requirement set forth in Fed. R. Civ. P. 37 and LR Civ P26.04 and Plaintiffs stand behind their objections to the discovery and their asserted privileged documents.  At the evidentiary hearing, the Court proceeded to hear arguments on the issue of the meet and confer, the discovery disputes, the issue of the privileged documents, and the award of attorney fees for either party.

### A. Plaintiffs argument that Nationwide failed to Meet And Confer

The Plaintiffs argued that Nationwide did not comply with the meet and confer requirement set forth in Fed. R. Civ. P. 37 and LR Civ P. 26.04 prior to filing the instant Motion, and as a result, Nationwide's Motion should be denied. ECF No. 58 at 4.

Failure to fulfill the meet and confer requirement does not result in the automatic denial of a motion to compel. Rather, the sanction for failing to conduct an in-person or telephonic meeting is denial of a request for expenses incurred in bringing the Motion. General Assurance of America, Inc. v. Arch Insurance Company, 2018 WL 4343413, at * 3 (S.D.W. Va. Sept. 11, 2018) ("failure to meet and confer does not automatically preclude the Court from ruling on the merits of a discovery motion.... [r]ather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making the motion, including attorneys fees").

The Court finds a review of the record demonstrates that Nationwide made a good faith effort to resolve the discovery dispute. See ECF Nos. 53-1, 53-6, 53-9, 53-11. The joint extensions of time to file the Motion are evidence of both sides' good faith efforts to resolve the dispute prior to seeking Court intervention. Therefore, the Court

4

will not require a further meet and confer and will consider Defendant's Motion to Compel on the merits.

B. <u>**Interrogatory and Request for Production of Documents**</u>

1. **Interrogatory 8 and Request 4-**
   **Personal Property Related Insurance Payout Expenditures**

Interrogatory 8 and Request 4 are both associated with the Plaintiffs refusal to disclose expenditures related to personal property from the money paid by Nationwide on Plaintiffs' insurance claim. Interrogatory 8 is nearly identical to Request for Production 4, except that granting Interrogatory 8 would only require identification of all expenditures, not the production of related documents. Therefore, the Court will address these discovery requests together.

> **INTERROGATORY NO. 8:** As to the funds that Nationwide paid to you on the insurance claim at issue in this case, have you spent all or any portion of those funds? If your answer is yes, itemize your expenditures by identifying the date of each expense, the name and address of the payee for each expense, the amount of each expense, and describe in detail each expense and its purpose.
>
> **ANSWER:** All insurance monies, a total of $87,848.08, were given to ABE ENVIRONMENTAL LLC to complete repairs as set out via insurance estimate. A copy of the check was produced in response to the defendant's Requests for Production and is incorporated herein by reference. On January 16, 2023 David Gray was paid $125.00 to fix the Chimney crown due to deterioration. The chimney was crowned and capped in with the metal pan placed. On July 2023, all kitchen counters, kitchen cabinets, drywall and insulation were removed and disposed of by Sylvia Cruz, Lucas Burgess, and Anthony Quinene. No payment was given for work completed. On July 2023, All insulation and drywall located in the upper garage were removed and disposed of. Garage floors, garage wall studs, garage walls behind the studs were sprayed with cleaner, wiped down multiple times. New insulation, a plastic barrier, and drywall were placed on the walls and ceiling of the garage. A new aluminum stud wall was created in place of the garage door. New insulation a plastic barrier, and drywall were placed in the aluminum stud wall. Outside wall of aluminum stud wall was covered with plywood panel siding. Work was completed by Sylvia Cruz, Lucas Burgess, Briana Quinene, Marianna Burgess, Angeline Burgess, Anthony Quinene, Alecia Rhae Burgess. No payment was given for work completed. On July 2023, the cement wall and cement floor

were sprayed with clean and wiped down multiple times. Garage door was removed and disposed of. Cement walls of the basement garage were covered with a plastic barrier. A new aluminum stud wall was created in place of the garage door. New insulation, a plastic barrier, drywall, and a door were placed in the aluminum stud wall. Outside wall of aluminum stud wall was covered with plywood panel siding. Work was completed by Sylvia Cruz, Lucas Burgess, and Anthony Quinene. No payment was given for work completed. Total amount spent for materials to date for the garage renovation is approximately $4,450.00 to provide the children a safe place to live.

**SECOND SUPPLEMENTAL ANSWER:** Plaintiffs reincorporate their prior answer and objections as if restated herein verbatim. Notwithstanding the foregoing, the plaintiffs provide the following supplemental answer: OBJECTION. Defendant's clarification of its Interrogatory reveals that the defendant seeks abusive information that is intended to harass and bother the plaintiffs and is NOT reasonably calculated to lead to the discovery of admissible evidence. See e.g., Twigg v. Pilgrim's Pride Corp., No. 3:05-CV-40, 2007 WL 676208, at *5 (N.D.W. Va. Mar. 1, 2007) (stating that in DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 688 (D.Kan.2004), the court stated that while a party opposing discovery normally has the burden of showing why the discovery is inappropriate, the burden shifts where "the request is overly broad and unduly burdensome on its face." See also Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 671-72 (D.Kan.2003). The court in Alexander v. FBI, 186 F.R.D. 21, 40 (D.D.C.1998), stated that "This request is facially over broad ... Begala is not required to provide plaintiffs with additional responses to this request for this reason." Finally, the court in Stephens v. City of Chicago, 203 F.R.D. 353, 361 (N. D.Ill.2001), held an interrogatory was "objectionable because it is onerous and unduly burdensome on its face."). Defendant's suggestion that the plaintiffs should itemize how they spent funds paid for their loss of personal property in the structure fire has no legitimate legal purpose, but rather seeks to intimidate the plaintiffs. The requested information is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, the plaintiffs did not track how money was spent in relation to the money paid by Nationwide to the plaintiffs for their loss of personal property. Plaintiffs, therefore are unable to provide an answer insofar as they are unable to itemize these expenditures by date, name and address of payee or provide a detailed description of each expense and its purpose as requested by Nationwide in its abusive Request. The suggestion that any person could provide such information is ill conceived.

ECF No. 53-1 at 8–9.

**REQUEST NO. 4:** Produce a complete and authentic copy of all documents evidencing your use of any funds that Nationwide paid to you on the insurance claim at issue in this case, identifying the documents by Bates number.

**RESPONSE:** All insurance monies, a total of of $87, 848.08, was given to ABE

6

ENVIRONMENTAL LLC to complete repairs as set out via insurance estimate. The plaintiff is in the process of securing a copy of the check written from the bank and will forward a copy of the same to you upon receipt.

**SECOND SUPPLEMENTAL RESPONSE:** Plaintiffs incorporate their Second Supplemental Answer to Interrogatory No. 8 and all prior objections and the prior response as if restated herein verbatim. Notwithstanding the foregoing, the plaintiffs provide the following supplemental answer: OBJECTION. Defendant's clarification of its Request reveals that the defendant seeks abusive information that is intended to harass and bother the plaintiff and is NOT reasonably calculated to lead to the discovery of admissible evidence. See e.g., Twigg v. Pilgrim's Pride Corp., No. 3:05-CV-40, 2007 WL 676208, at *5 (N.D.W. Va. Mar. 1, 2007) (stating that in DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 688 (D.Kan.2004), the court stated that while a party opposing discovery normally has the burden of showing why the discovery is inappropriate, the burden shifts where "the request is overly broad and unduly burdensome on its face." See also Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 671-72 (D.Kan.2003). The court in Alexander v. FBI, 186 F.R.D. 21, 40 (D.D.C.1998), stated that "This request is facially over broad ... Begala is not required to provide plaintiffs with additional responses to this request for this reason." Finally, the court in Stephens v. City of Chicago, 203 F.R.D. 353, 361 (N .D.Ill.2001), held an interrogatory was "objectionable because it is onerous and unduly burdensome on its face."). Defendant's suggestion that the plaintiffs should itemize how they spent funds paid for their loss of personal property in the structure fire has no legitimate legal purpose, but rather seeks to intimidate the plaintiffs and invade the plaintiff's finances by requesting an itemization of every expenditure made with money obtained from payment of their personal property claim. Discovery should not be a fishing expedition. See Cuomo v. Clearing House Assn., LLC, 557 U.S. 519, 531 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through...records for evidence of some unknown wrongdoing"). This is not relevant to the allegations in the Complaint that the defendant failed to timely pay the plaintiffs' claim, engaged in an unreasonable investigation, made false and misleading statements, engaged in unfair claim settlement practices and violations of Unfair Trade Practices Act with such frequency as to constitute a general business practice. Information about how money was or was not spent from the payments made for personal property neither prove nor disprove a claim or defense. Because, the requested information is not relevant to any claim or defense, it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, the plaintiffs did not track how money was spent in relation to the money paid by Nationwide to the plaintiffs for their loss of personal property. Plaintiffs, therefore are unable to provide an answer insofar as they are unable to itemize these expenditures by date, name and address of payee or provide a detailed description of each expense and its purpose as requested by Nationwide in its abusive Request. The suggestion that any person could provide such information is ill conceived.

ECF No. 53-1 at 11–12.

Nationwide contends that the Plaintiffs' objections were untimely. ECF No. 53-1 at 10; ECF No. 59 at 3. Nationwide served its first set of discovery requests on the Plaintiffs on October 26, 2023, over three months before the Plaintiffs' first objection, and the Plaintiffs only objected after two rounds of prior disclosures. Even so, the Court will discuss the discovery objections as if they were timely made and discuss the issue on the merits.

Nationwide asserts that the Plaintiffs failed to identify and substantiate proper objections and therefore the objections are incomplete. ECF No. 59 at 4. Nationwide argues that the Plaintiffs' objections that the Interrogatory is "overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and abusive discovery practice" were general in nature, inappropriate, and unsubstantiated. ECF No. 59 at 5. The Court agrees, and the Plaintiffs' objections as to abusive discovery practice are overruled.

The Plaintiffs contend that they did not maintain records as to how they spent the proceeds for the personal property portion of their payout. ECF No. 58 at 4.  Therefore, the Court "cannot compel a party to produce what is not in a party's possession, custody or control or what may not exist." Smith & Loveless, Inc. v. Breckenridge Corp., No. 1:18-CV-145, 2020 WL 13111137, at *6 (N.D.W. Va. Sept. 28, 2020).

Nationwide asserts that the information it seeks is both relevant and proportional and argues that the desired information would tend to prove the issue of habitability. Nationwide explains that it would be reasonable for a party to investigate their personal bank accounts and identify relevant expenditures.

"If a party believes that a discovery request exceeds the broad scope of allowable discovery, it may object, but 'the party resisting discovery has the burden of clarifying, explaining and supporting its objections.'" Patrick v. Teays Valley Trustees, LLC, 297 F.R.D. 248, 256 (N.D.W. Va. 2013) (internal citations omitted).

Having considered the Plaintiffs' objections, the memoranda filed in this case, and the argument of the parties, the Court finds that the use of personal property insurance funds meets the low threshold of relevancy, and it is proportional to needs of this case. Accordingly, Plaintiffs' objections are overruled.

Therefore, Nationwide's Motion to Compel as to Interrogatory 8 and Request 4 is hereby **GRANTED** as follows: The Plaintiffs are required to use their best efforts to identify expenditures made for personal property from insurance proceeds paid by Nationwide and supplement their responses accordingly**.** Further, the Court reminds the parties of their ongoing duty to supplement their disclosures as new information becomes available.

2. **Request 7- Initial Repair Estimates of the Property**

**REQUEST NO. 7:** Produce a complete and authentic copy of every estimate you or anyone acting on your behalf have obtained since December 31, 2020 to repair, alter, or improve the insured residence located at 10745 Back Creek Valley Road, Hedgesville, West Virginia, including any related communications, diagrams, or photographs, identifying the documents by Bates number.

**RESPONSE:** The plaintiff has attached the change order authored by ABE Environmental LLC.

**SUPPLEMENTAL RESPONSE:** Please find enclosed the following supplemental materials:
(1) Haines Expert Report 2024-01-17;
(2) 2024-01-17 Haimes Analysis Excel Spreadsheet;
(3) Haimes – 2024-01-15 testimony last 4;
(4) 2008-10-15 - ATSDR Update – Dioxins;
(5) 2009-12-xx EPA Review of State Soil Cleanup Level for Dioxin;

(6) 2014-11-30 – EPA – Understanding Dioxin-like Compounds in Indoor Dust;
(7) 2023-08-11 – Enthalpy Analytical – Lab Report – 108913 Dioxins;
(8) 2023-09-15 – Prism Analytical Technology – Cruz Residence – 0823-751 Final Report 108913;
(9) Haimes Resume 2023-06-15 rev P11; and
(10) (10) updated Oregon – Summary of Levels of Dioxin in Residential Yards.

**SECOND SUPPLEMENTAL RESPONSE:** Plaintiffs reincorporate their prior answer and objections as if restated herein verbatim. Notwithstanding the foregoing, the plaintiffs provide the following supplemental response: The plaintiffs have no burden to conduct an investigation of their own claim. The burden of investigation is on the insurer. Defendant's attempt to shift the
burden of investigation is evidence of the defendant's unfair claim settlement practices and violation of the Unfair Trade Practices Act. Bailey v. Bradford, 12 F.Supp.3d 826, 842–43 (S.D. W.Va. 2014) (Johnston, J.) (policyholder "does not have a burden to conduct an investigation of his own claim ... Rather, that burden is on the insurer, and the policyholder need only make a reasonable demand within policy limits during the course of negotiations.")." Stidd v. Erie Ins. Prop. & Cas. Co., No. 5:17-CV-56, 2018 WL 3028612, at *6 (N.D.W. Va. Apr. 25, 2018).

ECF No. 53-1 at 13–14.

In Nationwide's Reply [ECF No. 59], it represented that if Plaintiffs would supplement their responses in writing to confirm that the change order from ABE Environmental LLC was derived from Nationwide's initial estimate, Nationwide would withdraw its motion as to this request.  At the evidentiary hearing, Plaintiffs agreed to supplement their Response accordingly. Therefore, the Motion to Compel as to Request 7 is **MOOT**, and the Plaintiffs are directed to supplement their responses to confirm that the change order from ABE Environmental LLC was derived from Nationwide's initial estimate.

### 3. Request 26- Inconsistent responses

**REQUEST NO. 26:** Produce a complete and authentic copy of all written or recorded statements concerning your claims, the Defendants' defenses, or any other matter at issue in this case.

>    **RESPONSE:** OBJECTION. The instant Request for Production seeks materials that are protected by the attorney client privilege and/or work product doctrine insofar as it seeks all written or recorded statements concerning the plaintiffs' claims, the defendants' defenses and/or any other matter at issue in this case. The instant request is overly broad on its face insofar as it is a catch all request which seeks the production of all materials related to the litigation in anyway whatsoever and is not narrowly tailored. Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc., No. 19-4007-DDC, 2023 WL 1100399, at *2 (D. Kan. Jan. 30, 2023)(quoting Sonnino, 221 F.R.D. at 667).

ECF No. 22 at 7.

The Plaintiffs argue that the request as written is "a catch-all request and overly broad on its face." ECF No. 58 at 7. They claim that the request would require the Plaintiffs to do Nationwide's work for them. Id. at 8.

Nationwide contends that the request merely seeks any written or recorded statements relating to the claims and defenses at issue in the case. ECF No. 59 at 7–8. Further, Nationwide argues that Plaintiffs' response to Interrogatory No. 22 is inconsistent with their response to Request for Production 26. Interrogatory 22 asked the following question:

>    **INTERROGATORY NO. 22:** Have you or anyone acting on your behalf or at your direction obtained, taken, or been provided with any oral, written, or recorded statements from any person concerning your claims, the Defendants' defenses, or any other matter at issue in this case? If so. . . .

ECF No. 53-1 at 84. The Plaintiffs responded without objection by stating, "No." Id. Nationwide argues that since the interrogatory and the request seek identical information, the Response to Request 26 should have been "none." Any other response would be inconsistent with Plaintiffs' Response to Interrogatory 22.

The Court finds this request 26 to be relevant and proportional. Therefore, Plaintiffs' objections are overruled and Nationwide's Motion as to Request 26 is

**GRANTED.** The Court directs the Plaintiffs to respond to Request for Production 26 in conjunction with Interrogatory 22, and in light of the parties' discussions at the hearing.

### C. Plaintiffs' Claims of Privilege

Next, the Court will address Nationwide's objection to Plaintiffs' Privilege Log and the production of the documents withheld by the Plaintiffs as a result thereof. Nationwide argues that the documents should be provided for several reasons.

#### 1. Plaintiffs' Belated Privilege Log

As stated above, the Plaintiffs first responded to Nationwide's discovery on December 21, 2023, without asserting a privilege or producing a privilege log. ECF No. 53-1 at 4. Nationwide subsequently found documents marked as confidential in Plaintiffs' production, promptly returned those documents, and inquired from the Plaintiffs as to whether any privileges were being asserted. Id. The Plaintiffs then submitted their privilege log as to certain documents. See ECF No. 53-7. In the log, the Plaintiff asserted a work product privilege for Bates numbers 004828-004868 and asserted a work product privilege and attorney-client privilege as to Bates numbers 004869-004872. ECF No. 53-1 at 4–5. Nationwide argues that the Plaintiffs waived their privilege and even if they did not, their assertions of privilege are invalid. They request the Court examine the allegedly privileged documents in camera and determine if privilege is warranted. ECF No. 59 at 11.

A court has discretion to determine when objections are waived. Button, 2014 WL 1479197, at *3-4; Hardeman, 2006 WL 1156395, at *1. The Court finds that waiver of Plaintiffs' claims of privilege is unwarranted here. Plaintiffs did not act in bad faith by omitting their objections, and there is no prejudice to Nationwide by allowing their

objections to stand on their merits. At the hearing, the Court requested Plaintiffs to provide the privileged material for incamera review, allowing the Court to rule on the merits. The Court has received those privileged materials and makes the following ruling.

### 2. Attorney-Client Privilege

The Defendant only asserts attorney-client privilege as to Bates documents 4869-4872. After in camera review of those documents, the Court finds that the attorney-client privilege attaches.[2] Accordingly, the Court **DENIES** Nationwide's Motion to Compel as to those documents.

### 3. Work Product Privilege

Plaintiffs' claim that the work product privilege applies to all the documents in the privilege log. To be afforded the protections under work product, the document "must be prepared because of the prospect of litigation" when the preparer faces an actual or potential claim following an actual event that "reasonably could result in litigation." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). "Materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." Id. Therefore, the Court must determine "the driving force behind the preparation of each requested document" to resolve a work product dispute. Id.

In determining whether the work product privilege attaches, the Court applies a "case-by-case" approach and considers the following factors: the nature of the

---

[2] Plaintiffs also assert work product privilege as to these documents, which the Court finds applies as well.

documents, the nature of the litigation, the relationship between the parties, the involvement of counsel, and the time when the document was created. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 536, 542 (N.D.W. Va. 2000). The Court "must carefully analyze the factual circumstances under which the requested documents were created, consider the purpose of the representatives in preparing the requested documents, and examine the documents themselves." Nicholas v. Bituminous Cas. Corp., 235 F.R.D. 325, 332 (N.D.W. Va. 2006).

Here, the Court examined the privileged documents in camera and finds that litigation was not anticipated until late September of 2021, when Plaintiffs contacted an attorney and sought to pursue a claim against Nationwide. Any documents created prior to that time frame were not created in anticipation of litigation and therefore, are not work product and are not privileged.

Accordingly, the following documents are not privileged and the Court **GRANTS** Nationwide's motion to compel the production of the following documents:

| Bates Number | Date | Author | Recipient | Subject atter |
|---|---|---|---|---|
| 004828 - 004829 | June 9, 2021 | S. Cruz | W. Mills | Consulting services |
| 004830 – 004836 | June 9, 2021 | P. Rooney | S. Cruz | Consulting Services |
| 004837 – 004839 | July 15, 2021 | S. Cruz | P. Rooney | Consulting Services |

14

| | | | | |
|---|---|---|---|---|
| 004840 – 004844 | July 15, 2021 | P. Rooney | S. Cruz | Consulting Services |
| 004845 – 004846 | August 18, 2021 | W. Mills | S. Cruz | Consulting Services |
| 004847 - 004848 | August 19, 2021 | S. Cruz | W. Mills | Consulting Services |
| 004849 – 004850 | August 19, 2021 | W. Mills | S. Cruz | Consulting Services |
| 004851 - 004853 | August 20, 2021 | W. Mills | S. Cruz | Consulting Services |
| 004867-004868 | January 22, 2021 | S. Cruz | S. Scott | Consulting Services |

However, the Court finds that the work product privilege attaches to the Bates numbered documents 004854-59 and 004860-66 as those documents were communications that occurred in late September of 2021, in anticipation of litigation and **DENIES** Nationwide's motion as to those documents.

D. **Attorney's Fees**

In its Motion to Compel, Nationwide also seeks to have its Attorneys' fees awarded. ECF No. 53 at 21. Plaintiffs request the same. ECF No. 58 at 11. Federal Rule of Civil Procedure 37(a)(5)(C) states in pertinent part:

> If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

15

Id.

Here, the Court has granted in part and denied in part Nationwide's Motion to Compel. Therefore, the Court declines to apportion any expenses to either side in this case. Both parties' requests for attorneys' fees and costs are **DENIED.**

## IV.    CONCLUSION

For the reasons set forth above and for the reasons set forth on the record, Defendant's Motion [ECF No. 53] to Compel is **GRANTED in part and DENIED in part.** The Plaintiffs are **ORDERED** to comply with the terms contained herein and supplement its responses with the relevant answers and documents by Friday, April 5, 2024.

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Fed. R. Civ. P. 72(a). A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**Dated:** March 27, 2024

16

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE