IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOHN ALEXANDER BURGESS and**
**SYLVIA SANTOS CRUZ, et ux.,**

    Plaintiffs,

v.                                                        **CIVIL ACTION NO.: 3:23-CV-142**
                                                                    **(GROH)**

**NATIONWIDE PROPERTY & CASUALTY**
**INSURANCE COMPANY and**
**DWAYNE NELSON,**

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now before the Court is the Defendants' Motion for Summary Judgment, filed on December 2, 2024. ECF No. 136. The Plaintiffs submitted a response in opposition [ECF No. 138], and the Defendants entered a reply in support [ECF No. 164]. Accordingly, this matter is fully briefed and ripe for review. For the below reasons, the Defendants' Motion is granted.

### I. BACKGROUND

This action arises from a fire at the home of the Plaintiffs, John Alexander Burgess and Sylvia Santos Cruz, on December 31, 2020. ECF No. 136-3. After the fire, the Plaintiffs filed a claim with their insurer, Defendant Nationwide Property and Casualty Insurance Company. See generally ECF No. 136-2. Unsatisfied with the alleged handling of their claim, the Plaintiffs initiated the present suit against the Defendants in the Circuit

Court of Berkeley County West Virginia on April 27, 2023. ECF No. 1-1. The Defendants removed the case to this Court on May 31, 2023. ECF No. 1.

In relevant part, the Plaintiffs raise two causes of action.[1] Count One asserts the Defendants breached the parties' insurance policy by: (1) failing to adequately remediate mold in the basement area; (2) ignoring the Plaintiffs' "requests for an industrial hygienist to perform sampling . . . to determine if contamination occurred elsewhere in the home"; and (3) not paying a change order submitted to Defendant Nationwide. ECF No. 1-1 ¶¶ 54–64. Count Two avers the Defendants violated the West Virginia Unfair Trade Practices Act and engaged in common law bad faith. Id. ¶¶ 65–75.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co.,

---

[1] The Court previously granted the Defendants' Motion to Dismiss Certain Claims in Plaintiffs' Complaint and dismissed Counts Three through Five. ECF No. 50.

475 U.S. at 586. That is, once the movant has met its burden to show an absence of dispute, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323–25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). "[S]ufficient evidence supporting the claimed factual dispute [must] be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249.

### III.  DISCUSSION

The Defendants submitted a Motion for Summary Judgment on December 2, 2024. ECF No. 136. Therein, the Defendants request the Plaintiffs' Complaint be dismissed with prejudice. Id. In support, the Defendants argue, among other things, that the Plaintiff failed to timely file this action. ECF No. 136-1 at 15. The Defendants point to Section I, Article H of the parties' insurance policy, which provides:

> No action can be brought against [Nationwide] unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

Id. (citing ECF No. 136-5 at 10, 33). The Defendants note the fire occurred on December 31, 2020, and that the Plaintiffs filed their Complaint on April 27, 2023. Id. In the Defendants' view, "no dispute of fact exists that [the] Plaintiffs filed their Complaint against Nationwide . . . three (3) months and twenty-seven (27) days after the two-year period set forth in" Article H, barring the Plaintiffs' claims. Id.

The Plaintiffs respond Article H "is contrary to West Virginia law and therefore void." ECF No. 138 at 8. As a result, the Plaintiffs contend they timely filed their Complaint insofar as they did so within the applicable statutes of limitation. Id. at 7–8.

Upon review and consideration, the Court agrees with the Defendants. Generally, "West Virginia law prevents insurance contracts from limiting the time within which to bring an action to less than two years." Wooten v. Liberty Mut. Ins. Co., 2008 WL 629009, *1 (S.D. W. Va. Mar. 5, 2008) (citing W. Va. Code § 33-6-14). However, a policy is exempted from this limitation if the policy "is included within the meaning of the term 'standard fire insurance policy[.]'" Sizemore v. State Farm Gen. Ins. Co., 202 W. Va. 591, 595 (1998) (citing W. Va. Code § 33-6-14). Standard fire insurance policies are instead required to be at least as favorable as "the basic policy commonly known as the New York standard fire policy, edition of one thousand nine hundred forty-three, which is designated as the West Virginia standard fire policy[.]" W. Va. Code § 33-17-2. The New York standard fire policy prohibits the filing of an action against the insurer "unless commenced within twelve months next after inception of the loss." E.g., ECF No. 136-63 ¶¶ 157–161.

Here, the parties' policy is properly considered a standard fire insurance policy under West Virginia law, which the Plaintiffs cede. See Sizemore, 202 W. Va. at 597; see also ECF No. 138 at 7. As a result, the policy is exempt from the time-bar in § 33-6-14

and governed by § 33-17-2. Id. The Defendants correctly note the policy's two-year limitation in Article H is more favorable than the one-year limitation in the New York standard fire policy. ECF No. 136-1 at 16. Thus, Article H complies with § 33-17-2.

The Plaintiffs assert Article H "is contrary to statute and therefore void." ECF No. 138 at 8. The Plaintiffs are incorrect. "[I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations," so long as the contractual period is reasonable. Ord. of United Com. Travelers of Am. v. Wolfe, 331 U.S. 586, 608 (1947); Meadows v. Emps.' Fire Ins. Co., 171 W. Va. 337, 338–39 (1982) ("[T]he enactment of W. Va. Code, 33-6-14 (1957), . . . indicates that the Legislature did not intend to have the general contract statute of limitations . . . apply to insurance policies."). As established above, Article H complies with § 33-17-2. The Plaintiffs proffer no other statute that conflicts with Article H, and the Court finds a two-year period reasonable here. Consequently, Article H is enforceable.

The Plaintiffs filed this action outside of the period required by Article H. Article H mandates that any action against Nationwide be brought within two years of the date of loss. ECF No. 136-5 at 10, 33. The date of loss is December 31, 2020, the date of the fire. ECF No. 136-3. The Plaintiffs do not argue otherwise. See generally ECF No. 138. It is similarly undisputed that the Plaintiffs initiated the instant case on April 27, 2023, over two years after the date of the fire. ECF No. 1-1. Accordingly, because the Plaintiffs filed suit more than two years after the date of loss, the Plaintiffs' claims are time-barred pursuant to Article H.

## IV. CONCLUSION

For the above reasons, the Defendants' Motion for Summary Judgment [ECF No. 136] is **GRANTED**. Accordingly, this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket and **TERMINATE AS MOOT** all pending motions.

The Clerk is **FURTHER DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 30, 2025

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE